**IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                                                4:06-CR-00004-01-WRW

**CHARLES COKER a/k/a
DAVID YOUNG**

<u>**ORDER**</u>

Pending is Defendant's Motion to Dismiss Count 7 of the Indictment.[1]  The Prosecution has responded and Defendant has replied.[2]

**I.  BACKGROUND**

On January 3, 2006, in the Eastern District of Arkansas, Defendant was charged with seven counts of Aiding and Abetting Bank Fraud, in violation of 18 U.S.C. § 1344 and 18 U.S.C. § 2.  The indictment alleges that Defendant and others:

> knowingly executed and attempted to execute a scheme to defraud a financial institution, in that checks were written on lines of credit at Washington Mutual Bank without the consent of the account holders and deposited into the accounts listed below so the funds could be withdraw and a portions of the funds be returned to Charles Coker a/k/a David Young.[3]

Each count of the indictment is represented by a check allegedly deposited into various bank accounts by Defendant. Count 7 alleges that a check in the amount of $197,307.65 was deposited at an Arkansas branch of Twin City Bank.[4]  Defendant contends that the check at issue in Count 7 is barred by collateral estoppel.

---

[1] Doc. No. 25.

[2] Doc. Nos. 32, 34.

[3] Doc. No. 2.

[4] *Id*.

1

The grounds for Defendant's motion are related to a previous bank fraud prosecution. A September 11, 2003 Superceding Indictment filed in the Central District of California charged Defendant with bank fraud in violation of 18 U.S.C. § 1344.[5]  Defendant pled guilty to fraudulently withdrawing approximately $5,500.00 from a bank account and was sentenced on March 1, 2004.[6]

At sentencing, the Honorable Dean D. Pregerson heard arguments about the Prosecution's attempt to hold Defendant responsible for nearly $300,000.00 of additional losses not listed in the Superceding Indictment. These additional losses included a check for $197,307.65 deposited in Arkansas. That check now forms the basis of Count 7 of the Indictment in this case.

During the sentencing hearing in the California case, the prosecution attempted to attribute additional losses to Defendant by establishing a conspiracy between him and another party, Eddy Fleurival. During oral arguments, it came to light that the additional checks were deposited in December 2002, while Defendant's charged conduct occurred in June 2003. Based on this information, the sentencing court refused to consider the additional losses:

> Okay. Well given that fact I am inclined not to apply it because I think it is just -- you are a year away at that point, and I think it is -- My suspicion is that they [Defendant and Fleurival] are entirely connected into one big criminal enterprise and that they are friends, and that they are crooks, and that this is was what they do, but I don't know that I am willing to say that in this proceeding based upon this evidence. . . . I just don't know whether your defendant might have sort of withdrawn from this whole enterprise at that point because a year is a long time. I suspect he

---

[5]*United States v. Charles Coker*, No. 2:03-CR-00619-DDP-ALL (C.D. Cal. filed June 19, 2003).

[6]Defendant was sentenced to 12 months in prison, five years supervised release, and restitution of $5,459.24.

probably didn't because they were all in this together, but I have a different responsibility here, so I'm not going to apply it.[7]

Judge Pregerson determined that Defendant was at an offense level of 10, which did not include enhancements based on the additional losses.

Defendant now asserts collateral estoppel regarding the check alleged in Count 7 based on Judge Pregerson's prior finding. Specifically, Defendant asserts:

> At Mr. Coker's sentencing hearing in [the previous California case], the issue arose of which of various checks were actually attributable to Mr. Coker. After a contested hearing, for which both parties submitted briefs on the issue, Hon. Dean D. Pregerson found that a check in the amount of $197, 307.65, that had been deposited into an Arkansas Bank, could not be attributed to Mr. Coker. . . . This check now forms the basis for Count Seven of the present Indictment.[8]

Defendant claims the sentencing court ruled in his favor regarding the check, so the Prosecution is now precluded from relitigating the issue.

## II. DISCUSSION

### A. Collateral Estoppel Doctrine

Five factors determine whether collateral estoppel applies to a particular case:

> (1) the party sought to be precluded . . . must have been a party . . . to the original lawsuit; (2) the issue sought to be precluded must be the same . . .; (3) the issue . . . must have been actually litigated in the prior action; (4) the issue . . . must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.[9]

Put simply, the principle of collateral estoppel is that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between

---

[7]Doc. No. 25, Ex. B.

[8]Doc. No. 25.

[9]*Anderson v. Genuine Parts Co.*, 128 F.3d 1267, 1273 (8th Cir. 1997) (citing *Tyus v. Schoemehl*, 93 F.3d 449, 453 (8th Cir. 1996)).

3

the same parties in any future lawsuit."[10]  In a criminal case, a fact previously determined "is not an 'ultimate fact' unless it was necessarily determined by the [fact-finder] against the government and, in the second prosecution, that same fact is required to be proved beyond a reasonable doubt in order to convict."[11]

### B. No Collateral Estoppel

#### 1. The Issue Was Conspiracy

I find that the Prosecution is not collaterally estopped from litigating Count 7 of the indictment.  The issue in the pending case is the not the same as the issue determined in the previous proceeding in California.

Defendant argues that the "issue" in the previous proceeding was whether or not the check was "attributable" to him.[12]  However, Defendant's own pre-sentencing brief reveals that the central issue was whether Defendant and Mr. Fleurival were engaged in a conspiracy.  The title of Defendant's motion was, "*Based on the Lack of Evidence of a Conspiracy*, Defendant Requests that the Court Follow the Recommendation of the Probation Officer and Sentence [Defendant] at Guideline Level 10."[13]  Defendant's brief further reasons, "because of the paucity of evidence linking Mr.Coker to anything other than the [charges to which he pled], what remains is the government's attempt to try to imply a conspiracy between the two men," and that "it is impossible to hold Mr. Coker responsible for any further offense conduct without at least showing that he conspired with Eddy Fleurival as to the actions that Fleurival carried out on his

---

[10]*Ashe v. Swenson*, 397 U.S. 436, 444 (1970).

[11]*Prince v. Lockhart*, 971 F.2d 118, 123 (8th Cir. 1992).

[12]Doc. No. 25.

[13]Doc. No. 25, Ex. C (emphasis added).

4

own."[14]  Defendant's brief concludes that because conspiracy can not be proven, he cannot be held responsible for the additional loss.[15]

The central issue before the sentencing court was whether or not a conspiracy existed between Defendant and Mr. Fleurival.  In California, the prosecution attempted to attribute to Defendant the losses based on the check, but did not try to directly attribute the check to a substantive offence.  Rather, the prosecution argued for a conspiracy --  the losses associated with the check would have applied to Defendant only through that theory of liability.  In other words, Defendant's argument that he was "previously placed in peril for the check that now forms the basis for Count Seven"[16] is tempting, but only because it confuses conspiracy liability with liability for underlying offenses.

### 2. Finding Against Conspiracy is Not Finding Against the Check

Defendant essentially argues that acquittal on the conspiracy issue in the previous proceeding collaterally estoppes further prosecution for any of the issues considered during the sentencing hearing;[17]  I disagree.

Count 7 of the Indictment charges Defendant with the substantive offense of aiding and abetting.  Aiding and abetting the commission of a crime and conspiracy to commit that crime are distinct offenses -- the latter requires proof of an agreement to commit an offense and the former does not. Accordingly, "an acquittal for conspiracy 'does not preclude conviction for aiding and abetting unless the acquittal results in a finding of fact in favor of the defendant

---

[14]*Id.*

[15]*Id.*

[16]Doc. No. 38.

[17]Doc. No. 25.

which is essential to the substantive offense.'"[18]  In any subsequent prosecution, "the collateral estoppel doctrine only precludes relitigation of issues determined favorably to the defendant in the acquittal on the conspiracy charge."[19]

The California sentencing court made no explicit finding of fact about the check in favor of Defendant.  The court never says that check can not be attributed to Defendant. Rather, the court's findings were based on concerns about the element of agreement due to the time elapsed between Defendant's charged conduct and the conduct attributed to the conspiracy: "I just don't know whether your defendant might have sort of withdrawn from this whole enterprise at that point because a year is a long time."[20]  The court said only that it was unwilling to find a conspiracy between Defendant and Mr. Fleurival "in this proceeding based upon this evidence," because "[the court has] a different responsibility here."[21]

Absent any explicit finding of fact in his favor regarding the check, Defendant reasons that the "prior judgment necessarily incorporated the factual finding that he could not be held responsible for the check now at issue . . . [because] if the Court had determined that [he] was responsible for the check his sentence would have been affected accordingly."[22]  Defendant's reasoning is misguided because he again confuses conspiracy liability with liability for

---

[18]*United States v. Cole*, 449 F.2d 194, 201 (8th Cir. 1971) (citing *United States v. Tierney*, 424 F.2d 643, 645 (9th Cir. 1970)).

[19]See *United States v. Nelson*, 599 F.2d 714, 716 (5th Cir. 1979).

[20]*Id.*

[21]Doc. No. 25, Ex. B. Given this narrow language and the nature of the proceeding, I am reluctant to suggest that Judge Pregerson conclusively found against conspiracy. However, for the purpose of this order, and giving Judge Pregerson's words more conclusory force than he appeared to intend, I find that his limited determinations only explicitly address conspiracy.

[22]Doc. No. 38.

6

underlying offenses. Defendant's sentence was left unaffected because the court found against a conspiracy based on the element of agreement. The element of agreement, however, is not essential to the substantive offense of aiding and abetting. Accordingly, the court's refusal to find a conspiracy does not imply a finding of fact that precludes litigating the Defendant's connection to the check.

I find that collateral estoppel does not apply because the check issue was not determined to Defendant's favor in the previous proceeding. The central issue before the sentencing court was whether or not a conspiracy existed. The court found against the conspiracy without making a finding of fact that would preclude litigation of Count 7 of the Indictment in this case.

### 3. The Remaining Elements of Collateral Estoppel

It is worth noting some final doubts about the remaining elements of collateral estoppel as they relate to Defendant's motion. The elements of collateral estoppel are inter-related:

> The necessity principle may become mingled with the requirements of actual litigation and actual decision. Thus a determination that it was not necessary to decide a particular issue in prior litigation may support a conclusion that it was not actually decided, while in converse fashion a determination that it was not actually decided -- perhaps because treated informally -- may support a conclusion that it was not necessary. So too, a determination that the parties did not actually litigate an issue may support a conclusion that resolution of the issue was not necessary to the judgment even though it was actually decided.[23]

In other words, elements (2), (3), (4), and (5) become a "bramble bush"[24] when a court attempts to determine whether collateral estoppel applies in a particular case.

---

[23] CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 4421 (2nd ed. 2002).

[24] Professor Wright, *et al.*, noted that, "one court has aptly summarized the difficulties of issue preclusion by prefacing its discussion with this wry comment: 'We now tread into the bramble bush of collateral estoppel.'" (quoting *Quinn v. Monroe Cty.*, 330 F.3d 1320, 1328 (11th Cir. 2003)).

In this case, for example, collateral estoppel seems inappropriate for many reasons. Even if the check issue was determined in the sentencing proceeding, it was not essential to the California court's determination about conspiracy.[25] Also, the California court's limited findings, expressed in such reserved language, were not clearly intended to be a final judgment on the issue of Defendant's connection to the check.[26] Lastly, I do not believe the check issue was fully litigated. Arguments were about conspiracy issue, rather than an overt offense connected to the check, and litigation took place in the limited setting of a sentencing hearing.[27] Accordingly, I find that collateral estoppel does not bar litigation of the check alleged in Count 7.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Dismiss Count 7 of the Indictment (Doc. No. 25) is DENIED.

IT IS SO ORDERED This 18th day of July, 2007.

/s/ Wm. R. Wilson,Jr.
UNITED STATES DISTRICT JUDGE

---

[25]See element (5).

[26]See element (4).

[27]See element (3).