**IN THE UNITED STATE DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                                                   4:06-CR-00004-01-WRW

**CHARLES COKER a/k/a**
**DAVID YOUNG**

## ORDER

**Defendant's Motion for Discovery (Doc. No. 22) is DENIED as MOOT**, based on the March 3, 2006 Order.[1]

**Defendant's Motion *in Limine* to Exclude Evidence of Defendant's Prior Conviction (Doc. No. 24) is HELD IN ABEYANCE**, based on the October 15, 2007 Order.[2]

**Defendant's Motion *in Limine* to Exclude Defendant's Post-Arrest Statement (Doc. No. 48) is DENIED --** When FBI agents arrested Defendant in Los Angeles, California, based on the indictment in this case, Defendant asked the agents about the charges. After the agents informed Defendant he had been indicted in Little Rock on bank fraud charges, Defendant responded "this is the same thing I have already been indicted on and am on federal probation for. This is all related to a female I met, who lives in Arkansas."[3] Defendant also asked agents, "[S]ince I have already been prosecuted on this and because these new charges are from the same deal with this female, isn't this double jeopardy?"[4] Defendant argues that these statements made immediately, or nearly-so, after his arrest should be excluded because their prejudice

---

[1] Doc. No. 10.

[2] Doc. No. 47.

[3] Doc. No. 48, Ex. A.

[4] *Id.*

1

substantially outweighs any probative value. He also argues that the statements are not an admission.

The Prosecution contends that these statements establish a connection between Defendant and Ms. Wade, prove his prior convictions, and show Defendant knowingly participated in bank fraud that occurred in Arkansas.[5]

Although, Defense counsel mentioned "reserving his right" to ask for a *Jackson v. Denno* hearing, no request has been made, so I will rule on the written record. It appears that these statements were made *sua sponte*. Accordingly, the motion is denied. Defendant also contends that these statements were not admissions, and, are, therefore, inadmissible. "Admissions" are defined broadly, and may appear, when made, to be exculpatory.[6] It now appears that these statements will be inculpatory. As I recall, Irving Younger defined an admission as anything that a party ever said which is relevant and is contrary to the position that party is taking at trial. I think this is a solid definition.

**Defendant's Motion to Dismiss Indictment for Pre-Indictment Delay (Doc. No. 49) is DENIED --** Defendant contends that "all of the evidence the Government may have now for use in the present case was also available to the Government at the time of Mr. Coker's previous prosecution" in California in 2003.[7] Defendant argues that because of the delay, certain evidence from the previous prosecution has been destroyed by agents, and the records are no longer available from the businesses involved. According to Defendant, the absence of this

---

[5] Doc. No. 60.

[6] See 2 MCCORMICK ON EVIDENCE § 144, et seq. (Kenneth Broun, ed., 2006).

[7] Doc. No. 49

evidence "make[s] it virtually impossible for the defendant to now establish and to properly link and connect [a third party] to the 'hijacked' banks accounts at issue in this case . . . ."[8]

The Prosecution contends that because of "falsehoods designed to protect the defendant and originally told to agents of the United States, the name Charles Coker was not known by the Arkansas agents until July 19, 2005."[9] Defendant was identified in a photo line-up on August 24, 2005, and the Arkansas indictment was filed on January 3, 2006.[10]

I do not believe that this was an unreasonable delay, and any pre-indictment delay by the Prosecution appears to be justified.

**Defendant's Motion *in Limine* to Exclude All Documentation Seized in California on June 4, 2003 (Doc. No. 23).** Defendant contends that none of this evidence should be permitted to be used at trial based on an agreement between Defendant and the Prosecution. In its response, the Prosecution argued that it does not intend to use any of the documents during its case-in-chief, but "reserves the right to cross-examine the defendant regarding the information obtained and the resulting criminal charges."[11] Defendant did not reply to the Prosecution's position.

This question is troubling, because on September 27, 2006, Defense counsel wrote the Prosecution, and stated, among other things, "specifically, you told me that you did not intend to use any of the documentation seized in California on June 4, 2003." The record before me does not reflect that the Prosecution responded to this statement until April 8, 2007, when it filed its

---

[8]Doc. No. 49, Ex. A.

[9]Doc. No. 61.

[10]Doc. No. 2.

[11]Doc. No. 29.

response to Defendant's Motion in Limine. These questions come to mind: Did the Prosecution respond to the flat-footed assertion in the September 27, 2006 letter before April 8, 2007? If not, is this a tacit agreement that the Prosecution agreed, flat-footedly, to refrain from using the documentation seized in California on June 4, 2003? The Prosecution should respond to these inquiries by noon, Friday, August 8, 2008.

     IT IS SO ORDERED this 4th day of August, 2008.

                                      /s/ Wm. R. Wilson, Jr.
                                      UNITED STATES DISTRICT JUDGE